**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eric E. WHEELER, Defendant–Appellant.**

No. 03–5224.

United States Court of Appeals, Sixth Circuit.

June 3, 2004.

Paul W. Laymon, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Charles P. Dupree, Chattanooga, TN, for Defendant–Appellant.

Before GIBBONS and COOK, Circuit Judges; and OLIVER, District Judge.*

PER CURIAM.

Eric Wheeler appeals the district court's denial of his motion to suppress. He argues he did not consent to an officer's search or, alternatively, that his unreasonable detention invalidated his consent. We affirm.

We review for clear error a district court's factual determination that a defendant consented voluntarily to a search. *United States v. Ivy*, 165 F.3d 397, 401 (6th Cir.1998). Both the magistrate judge, who held a hearing on this question, and the district court judge, who reviewed the magistrate's report and recommendation, found Wheeler consented to the search. The officer's testimony and a video of the stop support this conclusion. We discern no error in the district court's finding and thus reject Wheeler's argument that he did not consent to the search.

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

We review for clear error the district court's findings of fact made with regard to a motion to suppress, and we review its legal conclusions de novo. *United States v. Elmore,* 304 F.3d 557, 560 (6th Cir. 2002). Our study of the appellate record, the applicable law, and the parties' briefs, convince us that the officer did not unreasonably detain Wheeler. The officer stopped him after observing his erratic driving and received his consent to search while a second officer prepared a warning citation, *before* the purpose for the stop concluded. We agree with the magistrate's conclusions—supplemented by the district court's opinion—that the officer did not unreasonably detain Wheeler.

Having rejected Wheeler's claims that he did not consent to the search and the officer unreasonably detained him, we affirm the district court's judgment.